## Appeal of Remembrance Post No. 442

*Henry M. Hipple* and *Abraham Lipez*, for appellant.

*Spencer Hill*, Deputy Attorney General, for Liquor Control Board.

HIPPLE, P. J., August 14, 1945.—This is an appeal from the refusal of the Pennsylvania Liquor Control

Board to issue a club liquor license to appellant for premises situated at 628 Erie Avenue, Renovo, Clinton County, Pa.

Appellant is an unincorporated association or club, organized under the National constitution and bylaws of the American Legion.

On November 27, 1944, appellant applied to the Pennsylvania Liquor Control Board for a club liquor license, and a hearing was held on February 1, 1945. On March 1, 1945, the board refused the application for this license for the following reasons:

1. The Liquor License Quota Act of June 24, 1939, P. L. 806, provides for a quota of four retail licenses for the sale of liquor and malt beverages in Renovo, Clinton County, and there are at the present time 11 such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for the said municipality is exceeded.

2. Renovo, Clinton County, is amply provided with licensed places, there being in effect at the present time more than twice the number of retail licenses prescribed by the aforementioned act of assembly.

The matter was submitted to the court upon briefs.

The Borough of Renovo is a municipality within the meaning of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1001. The population of Renovo Borough according to the 1940 decennial census was 3,784 persons. The quota of licenses for Renovo Borough is four retail licenses for the sale of liquor and malt beverages, and the total number of retail licenses now issued by the board for the retail sale of liquor and malt beverages in Renovo, exclusive of licenses issued to clubs and hotels, is 11, and the quota of retail licenses for Renovo Borough is exceeded.

The real reason why the application for the license was refused was that the board was prohibited from issuing any new licenses except for hotels meeting certain specific requirements by reason of the Liquor License Quota Act of June 24, 1939.

As to this question involving the legal construction of the Liquor License Quota Act we have already held that in our opinion the Quota Act is not applicable to either club retail dispenser licenses or club liquor licenses; that bona fide clubs are not within the prohibition of the Liquor License Quota Act, and therefore in our judgment the board erred in refusing the application for this reason: Appeal of Elk Voiture No. 670, etc., 50 D. & C. 93 (Elk County); and the unreported opinions in Appeal of Christabelle Club, Inc., no. 7, April sessions, 1943, and Emporium Lodge No. 368, Loyal Order of Moose, no. 14, October sessions, 1943 (Cameron County).

No question was raised by the board that the applicant is not a bona fide organization, operated for the benefit of the entire membership and for legitimate purposes, or that its business and affairs have not been properly conducted, or that the organization does not come within the definition of the word "club" in the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 2, 47 PS §744-2.

In assigning the second reason for the refusal of the license, viz, that Renovo Borough is amply provided with licensed places, there being in effect at the present time more than twice the number of retail licenses prescribed by the Liquor License Quota Act of June 24, 1939, it is apparent that this reason is based upon the theory that the Liquor License Quota Act applies to clubs. We find no authority vested in the board by the Liquor Control Act to either grant or refuse a club license in accordance with its belief of the effect thereof upon the public interest. In this respect we agree with the reasoning of Levinthal, J., in the case of Pressman's Appeal, 53 D. & C. 507. While the issue in that case involved the transfer of a restaurant liquor license from one place to another, it was refused because the board held there was an excessive number of

such licenses in the area to which the license was to be transferred, and that the transfer of this license might have the effect of lowering the prestige and dignity of the neighborhood. Judge Levinthal held, and we agree with him, that the Pennsylvania Liquor Control Act did not confer on the board, or on the court of quarter sessions a broad discretionary power to grant or refuse the transfer of liquor licenses in accordance with its concept of public interest, and if the act should be so construed the effect thereof would be to render the act unconstitutional because "it is a basic constitutional principle that the Legislature is powerless to delegate its legislative function to an administrative board without providing a definite criterion for the guidance of the Board".

As he rightly held the Liquor Control Act sets up no standards by which to guide the board in such matters, nor does it provide by implication that the board shall not authorize the transfer whenever it views it inimical to the public interest to do so.

We hold that the action of the board in placing clubs in the same category with hotels and restaurants, and by adding them all together and thus arriving at the conclusion that Renovo Borough is amply provided with licensed places is arbitrary, unrealistic, and does violence to the classification provided for under the Liquor Control Act. It is not reasonable to place a club where the sale and consumption is secondary to the purposes for which the club is formed in the same category as establishments commonly known as saloons and taprooms in which sales are made to any person of legal age, and which are operated solely for profit. If such reasoning should be carried to its logical conclusion the board could refuse to issue any club licenses whatsoever, because in its opinion there might be sufficient retail licensed places, such as hotels and restaurants. This would be highly discriminatory and there is no warrant therefor in the Liquor Control Act.

The discretion which the board has in the granting of club licenses is a sound judicial discretion, or as stated in Appeal of Saint Marco Society, 35 Berks 239:

"The act of assembly under consideration has provided that licenses shall be granted to clubs under certain conditions, and has imposed upon the Liquor Control Board the duty of ascertaining the instances in which such licenses shall be granted. So that this duty can be properly performed, there are certain means by which the conscience of the Board may be informed as to the facts. There are certain prohibitions which must be respected; they may hear petitions, remonstrances, or witnesses. What they are to do is not to act arbitrarily or wilfully, but in reality to exercise a judicial discretion.

"In Liquor License of Independent Citizens' Club, 32 Berks Co. L. J. 42, Shanaman, J., said: 'The issue before the Board at hearing upon a refused club application is whether without caprice, corruption, favor, or oppression, the Board may in good faith with at least some evidence to support them, refuse the application or grant it. Such is the issue because of the absolute discretion expressly vested in the Board in this type of case.'

"In Schlaudecker vs. Marshall, 72 Pa. 200, Mr. Justice Agnew, at p. 206, used these significant words: 'The discretion vested in the court is, therefore, a sound judicial discretion; and to be a rightful judgment it must be exercised in the *particular case* and upon the *facts and circumstances* before the court, after they have been heard and duly considered; in other words, to be exercised upon the merits of each case, according to the rule given by the Act of Assembly. To say that I will grant no license to any one or that I will grant it to every one is not to decide judicially on the merits of the case, but to determine beforehand without a hearing or else to disregard what has been heard. It is to be determined not according to law, but outside of law, and it is not a legal judgment, but the exercise of an

arbitrary will. Discretion is thus described: "Where anything is left to any person to be done according to his discretion the law intends it must be done with a sound discretion and according to law, and the Court of King's Bench hath a power to redress things that are otherwise done, notwithstanding they are left to the discretion of those that do them," Tomlin's Law Dict. Vol. 1, tit. "Discretion." "And though there be a latitude of discretion given to one, yet he is circumscribed that what he does be necessary and convenient, without which no liberty can defend it": Ibid. It is the duty of the court, therefore, to *hear and determine each case on its evidence and facts.*' " (Italics supplied.)

If the board had found that appellant was not a bona fide organization operated for the benefit of the entire membership, and for legitimate purposes, or that the organization did not come within the definition of the word "club" in the Liquor Control Act, and that it was in reality a "one man" club operating under the guise of a bona fide organization, the board would have been justified in the exercise of its discretion in refusing the application, but under the facts set forth in the record and it being evident that the discretion attempted to be exercised by the board is based upon the theory that the Quota Act applies to clubs, the board is not justified in refusing the application.

The appeal must be sustained.

### Order

And now, August 14, 1945, the appeal of Remembrance Post No. 442 The American Legion, Renovo, Pa., is sustained and the Pennsylvania Liquor Control Board is hereby ordered and directed to issue a club liquor license to Remembrance Post No. 442 The American Legion, Renovo, Clinton County, Pa., for its premises situated at 628 Erie Ave., Renovo, Clinton County, Pa.

Appellant is directed to pay the costs of this proceeding.